Filed 11/12/13  P. v. Munoz CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B242665 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SA072885) |
| v. | |
| ULISES MUNOZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Appeal dismissed.

Mary Bernstein, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie A. Miyoshi and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Ulises Munoz purportedly appeals from an order committing him to state prison without requiring he be housed at a facility of the California Department of Corrections and Rehabilitation's Division of Juvenile Justice (DJJ). We dismiss the appeal.

## FACTUAL AND PROCEDURAL BACKGROUND

In an information filed on March 10, 2010 Munoz was charged with two counts each of carjacking (Pen. Code, § 215, subd. (a)) and second degree robbery (Pen. Code, § 211) with firearm-use allegations as to each count (Pen. Code, §§ 12022, subd. (a)(1); 12022.53, subd. (b)). Munoz was 17 years old at the time of the offenses and was charged as an adult pursuant to Welfare and Institutions Code section 707, subdivision (d).[1] The evidence at the preliminary hearing established in 2009 Munoz and two companions had assaulted a driver and passenger, took the driver's keys and the passenger's wallet at gunpoint and fled in the car.

Munoz appeared with counsel on July 2, 2010 and entered a negotiated plea of no contest to one count of carjacking in return for a five-year prison sentence and dismissal of the three remaining counts. At the time of Munoz's plea the prosecutor explained whether Munoz was to be "housed either in an adult or juvenile facility will be up to the Department of Corrections and the judge based upon the applicable law and motions your attorney will make." Munoz acknowledged that was his understanding of the disposition. At the conclusion of the plea hearing the court granted defense counsel's request to continue the sentencing hearing to consider the propriety of housing Munoz at a DJJ facility under section 1732.6.

At the August 16, 2010 sentencing hearing defense counsel asked the court to order that Munoz be housed at a DJJ facility rather than at state prison. Counsel asserted Munoz was eligible for DJJ housing under section 1732.6. The People did not object. The court sentenced Munoz to the middle term of five years in state prison, and the People dismissed the remaining counts and firearm-use allegations in accordance with the

---

[1]     Statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

plea agreement. The court then informed the parties, "I've indicated here on the minute order that [Munoz] is to be sentenced as an adult, but will be housed at CYA[2] pursuant to the Welfare and Institutions Code section 1732.6. I've also put on here that this is not a 707(b) offense."

At an October 25, 2011 hearing defense counsel informed the court Munoz had been placed in an out-of-state adult contract facility rather than in a DJJ facility, which counsel believed was due to a clerical error. The minute order of the August 16, 2010 hearing and the abstract of judgment prepared by the clerk showed Munoz was "to be housed at the California Youth Authority pursuant to section 1731.5 [, subdivision] (c)" rather than section 1732.6. The court issued an order that Munoz be returned to the county jail pending placement at a DJJ facility. On December 16, 2011 the court amended the abstract of judgment and corrected its August 16, 2010 minute order nunc pro tunc to reflect Munoz was to be sentenced as an adult but housed at a DJJ facility pursuant to section 1732.6 and Penal Code section 1170.19.

At a January 27, 2012 hearing Munoz appeared with defense counsel, who told the trial court DJJ had at some point considered and rejected Munoz for housing although he was statutorily eligible. Counsel stated she would be filing a petition for writ of habeas corpus to compel DJJ to accept Munoz for housing under section 1732.6. The court determined Munoz did not wish, as an alternative, to move to withdraw his plea.

Following a hearing on June 11, 2012 the court denied the habeas corpus petition, finding there was no evidence DJJ's rejection of Munoz for housing was arbitrary or wrongful. The court concluded Munoz was entitled to be resentenced under section 1731.5 and scheduled a sentencing hearing.

On July 11, 2012 the trial court pronounced the original sentence of five years in state prison and deleted the requirement that Munoz be housed at a DJJ facility. Munoz

---

2      DJJ is the statutory successor to the California Youth Authority (CYA). (Gov. Code, § 12838.5.) The trial court and counsel used DJJ and CYA interchangeably, as do the applicable statutes.

3

filed a notice of appeal from the July 11, 2012 order. There is no certificate of probable cause in the record.

## CONTENTIONS

Munoz contends (1) the trial court acted in excess of its jurisdiction when it resentenced him to a five-year term in state prison and deleted the requirement he be housed at a DJJ facility pursuant to section 1732.6; and (2) DJJ's rejection of him for housing was arbitrary because it was improperly based on section 1731.5, subdivision (c). Munoz urges us to reverse the July 11, 2012 order and remand the matter to the trial court with directions that it "recommit" him to a DJJ facility in accordance with the applicable statutes.

## DISCUSSION

When dealing with a minor charged and convicted as an adult, the trial court can under certain circumstances order the minor committed to DJJ. (Pen. Code, §§ 1170.17, subd. (a); 1170.19, subd. (a); Welf. & Inst. Code, § 1732.6, subd. (a).) Alternatively, the court can impose a state prison sentence, commit the minor to the Department of Corrections and Rehabilitation and order the minor transferred to DJJ for housing at one of its facilities. (§ 1731.5, subd. (c).) With respect to both options DJJ retains the right to reject the minor. (See *Bryan v. Superior Court of Los Angeles County* (1972) 7 Cal.3d 575, 583-584; *Mardesich v. California Youthful Offender Parole Bd.* (1999) 69 Cal.App.4th 1361, 1367; *People v. Broun* (1980) 109 Cal.App.3d 284, 288-289.)

Here the plea agreement was that Munoz would be committed to the Department of Corrections and Rehabilitation and the court would direct he be housed at a DJJ facility. (See § 1731.5, subd. (c).) The court honored the plea agreement, but DJJ rejected Munoz for housing, as it was authorized to do.

The propriety of DJJ's rejection of Munoz was the subject of his habeas corpus petition in the trial court. It is not properly before us on appeal. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 983.) Furthermore, Munoz's claim on appeal that he should have been committed to DJJ pursuant to section 1732.6 as opposed to being housed at a DJJ facility under

4

section 1731.5 is, in effect, a challenge to the validity of his plea without a certificate of probable cause. It, too, is not properly before us. (Pen. Code, § 1237.5; see *People v. Shelton* (2006) 37 Cal.4th 759, 769-771; *People v. Panizzon* (1996) 13 Cal.4th 68, 79.)

**DISPOSITION**

The appeal is dismissed.


PERLUSS, P. J.

We concur:


ZELON, J.


SEGAL, J.*

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.